IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFONSO D. RYAN, | ) | |
| ID # 1908394, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:16-CV-3271-K (BH) |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Appeal To Findings, Conclusion and Recommendation*, received January 19, 2018 (doc. 28), in which he responds to the recommended dismissal of his habeas petition as barred by the statute of limitations. Based on the relevant filings and applicable law, the habeas petition should be denied.

## I. BACKGROUND

On November 22, 2016, Alfonso D. Ryan (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated assault. (*See* doc. 3.)

### A. Factual History

On April 9, 2010, the State of Texas indicted Petitioner for aggravated assault in Cause No. F10-53035. (Doc. 16-1 at 22.)[1] The indictment alleged that he intentionally and knowingly threatened an individual with imminent bodily injury, and that he used and exhibited a deadly weapon, an axe, during the commission of the offense. On January 10, 2014, he pleaded guilty without an agreed recommendation on punishment in the 283rd Judicial District Court of Dallas

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

County, Texas.  In the plea papers, he stated that he was mentally competent, and counsel stated that he believed that Petitioner was competent.  (*See* doc. 16-10 at 137, 139.)  During the guilty plea proceeding, he stated that he had read the indictment, reviewed it with his attorney, and understood the charge against him.  (*See* doc. 16-3 at 5.)  He understood the range of punishment.  (*See id.* at 6.)  He had read the plea documents that he signed, his attorney had explained them to him, and he understood them.  (*See id.*)  Petitioner understood his statutory and constitutional rights.  (*See id.*)  The court found that he was competent to enter his plea and found him guilty.  (*See id.* at 8.)

At the sentencing phase, Petitioner's ex-wife testified about their relationship and his jealous, controlling, and violent behavior.  (*See* doc. 16-4 at 9-11.)  She testified that on the date of the offense, while she and Petitioner were separated, her friend was at her house to connect a washer and dryer.  Petitioner came to the house, kicked in the door, and swung a pick axe at her.  Her friend pushed her out of the way, and the axe came within inches of hitting them.  Her friend subdued Petitioner, who was later arrested.  (*See id.* at 12-13.)

Petitioner testified that in 2005, he was electrocuted while working on a transformer.  He had critical injuries and underwent over twenty surgeries.  He had been diagnosed with Post-traumatic Stress Disorder (PTSD).  (*See id.* at 28-29.)  He was jealous, angry, and emotional when he saw a man in the house.  (*See id.* at 31-32.)  He did not see his wife when he went into the house, and he admitted that he swung the pick axe at her friend.  (*See id.* at 41.)  He characterized the offense as an emotional outburst and said that he had a problem with PTSD.  (*See id.* at 32.)  He was taking eight different medications at the time, and he had anger issues. (*See id.* at 32-33.)

The presentence investigation (PSI) report stated that Petitioner had been disabled since 2005, had undergone about twenty surgeries, and had been diagnosed with PTSD and bipolar

disorder. (*See* doc. 16-9 at 18.) The Dallas County Community Supervision and Corrections Department submitted a Comprehensive Assessment and Treatment Services (CATS) Forensic Dual Diagnosis Evaluation of Petitioner. The evaluation included detailed information about his medical and mental health issues and a diagnosis of PTSD. (*See id*. at 19-27.) Petitioner's counsel argued for a minimum sentence based on Petitioner's traumatic injury, medical history, mental health, and PTSD, so that he could receive help for his issues. (*See* doc. 16-4 at 45-46.) Petitioner was sentenced to 12 years of imprisonment. (*See* doc. 16-1 at 134.)

**B.    Procedural History**

The judgment was affirmed on appeal. *See Ryan v. State*, No. 05-14-00121-CR, 2014 WL 5478140 (Tex. App. – Dallas Oct. 30, 2014). Petitioner did not file a petition for discretionary review. (Doc. 3 at 3); *see* www.txcourts.gov (search for Petitioner). His state habeas application was denied without written order on the findings of the trial court. (*See* doc. 16-8); *Ex parte Ryan*, WR-84,186-01 (Tex. Crim. App. Mar. 2, 2016).

Petitioner filed a federal petition, which was received on November 22, 2016, that raised the following grounds:

(1)    Trial counsel was ineffective for failing to call a doctor to testify about Petitioner's mental health and incompetence to stand trial and for failing to move for a competency hearing;

(2)    There was prosecutorial misconduct by amending the indictment;

(3)    He was denied a competency hearing;

(4)    Appellate counsel was ineffective for refusing to file a petition for discretionary review.

(*See* doc. 3 at 6-7.) On November 14, 2017, it was recommended that the petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 25.) After receiving an extension of time,

Petitioner filed his response to the recommended dismissal of his petition as time-barred on January 19, 2018. (*See* doc. 28.) Although the petition remains time-barred, Petitioner's claims are addressed on the merits in an abundance of caution.

## II.  APPLICABLE LAW

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court

precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner contends that counsel was ineffective for failing to call his treating physician as a witness to testify about his PTSD and incompetence to stand trial and for failing to move for a competency hearing.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient

performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief

under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Petitioner contends that counsel failed to call his treating doctor to testify about his competence and to seek a competency hearing. Due process requires that a criminal defendant be competent to stand trial before he is prosecuted. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). A person lacks mental competency if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

Petitioner raised his claims about his competence in his state habeas application. Counsel submitted an affidavit that stated:

> At no time during my representation of [Petitioner] did I ever question his competency or have reason to question his competency. [Petitioner] never asked to have his competency questioned and was at all times able to understand the proceedings and contribute to the defense of the charges. I was fully aware of [Petitioner's] medical history including his work related injury that resulted in numerous surgeries and a PTSD diagnosis. The degree of his injuries was established at trial and by the probation department prior to trial. At all times the court was aware of the medical history of [Petitioner] and there was never a question of competency at trial or prior to trial. [Petitioner] testified on his own behalf and understood the questions and presented his version of the criminal charge. It is my professional opinion that any testimony from [Petitioner's physician] would have been duplicitous and would not have offered any additional evidence to benefit the court for the purpose of determining punishment [Petitioner's] personal history was fully established and presented to the court in the PSI report and in the trial testimony. It was my hope that the court would grant probation in this case due to [Petitioner's] physical ailments ....
>
> We discussed [the physician] and I conveyed to [Petitioner] that his medical

condition and fully covered in his CATS evaluation and PSI. As discussed above, it is my professional opinion that [Petitioner's] full medical history was presented to the court in the PSI report and the trial testimony. I cannot see how any additional testimony would have aided the court in determining the sentence in this case.

... There was never any question that [Petitioner] was fully competent at the time of the offense and at the time of trial. The Reporter's Record in this case fully documents [Petitioner's] competency when he testified on his own behalf.

(Doc. 16-9 at 12-13.)

The state habeas court found counsel's affidavit to be true and correct. The court found that Petitioner was aware of the proceedings and was able to communicate with the court and counsel. He did not exhibit incompetency. His medical history was discussed at length in court and was also presented to the court in the presentence investigation report. The physician's testimony would have been duplicitous and would not have changed the outcome of the proceeding. The court concluded that counsel was not ineffective for failing to seek a competency hearing or for failure to call the physician to testify. (*See id.* at 5-6, 7.)

Petitioner has not shown that there was a basis for counsel to doubt his competency and move for a competency hearing. He has not presented evidence that he was incompetent or that his physician would have testified that he was incompetent. He has not shown that his physician's testimony about PTSD would have added to the evidence that was presented to the court. He has not shown that the state court's rejection of his claim was unreasonable.

## IV.  COMPETENCY HEARING

Petitioner asserts that he was denied a competency hearing. A trial judge must hold a competency hearing "[w]here the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial." *Pate v. Robinson*, 383 U.S. 375, 385 (1966); *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* Tex. Code Crim. Proc. art. 46B.003. A habeas petitioner who complains about

the trial court's failure to hold a competency hearing has the burden of showing that "objective facts known to the trial court were sufficient to raise a bona fide doubt as to his competency." *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984). To obtain relief, he must show that there are "sufficient facts to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during trial." *Moody v. Johnson*, 139 F.3d 477, 481 (5th Cir. 1998).

As discussed, Petitioner has not shown that there was a basis to doubt his competency to the extent that a competency hearing was necessary, or that he was incompetent. He has not shown that the state court's rejection of this claim was unreasonable.

## V. PROSECUTORIAL MISCONDUCT

Petitioner contends that the indictment was amended to change the name of the complainant. He asserts that the indictment named his ex-wife's friend as the complainant, but it was amended to substitute his ex-wife as the complainant, so the State was allowed to convict him for assaulting his ex-wife.

Petitioner raised this claim in his state habeas application. The state habeas court found that the indictment had not been amended. (*See* doc. 16-9 at 6, 8.) At the sentencing hearing, Petitioner's ex-wife and her friend (who was the named complainant) both testified about the offense. Although the ex-wife testified that Petitioner swung the axe at her, Petitioner testified that he did not see her and that he swung the axe at her friend. He has not shown that the indictment was amended, or that the state court's rejection of this claim was unreasonable.

## VI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The federal constitution also guarantees a criminal defendant the effective assistance of

counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Petitioner contends that counsel failed to file a petition for discretionary review. The state habeas court rejected this claim. (*See* doc. 16-9 at 9.) There is a constitutional right to counsel to pursue a first appeal. *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000) (citing *Evitts v. Lucey*, 469 U.S. 387, 292 (1985)). There is no constitutional right to counsel to pursue discretionary review in state court. *See Clark*, 227 F.3d at 283 (citing *Ross v. Moffitt*, 417 U.S. 600, 610 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982)); *Cruz v. Quarterman*, No. 3:06-CV-374-G, 2006 WL 3759860 (N.D. Tex. Dec. 20, 2006). Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VII.  EVIDENTIARY HEARING

Based on the pleadings and the proceedings held in state court, as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VIII.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SIGNED on this 6th day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11